# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL S IOANE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STEVEN MERLAK,<br><br>　　　　　Respondent. | Case No.: 1:19-cv-01251-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

On September 11, 2019, Petitioner filed a petition for writ of habeas corpus in this Court. The petition indicates that Petitioner is serving a 108 month sentence, and his projected release date is February 29, 2020. (Doc. 1 at 8.) Petitioner complains that the actions of the Bureau of Prisons were arbitrary, capricious, retaliatory and deliberately indifferent when refusing to consider or refer Petitioner to the Residential Re-Entry Management or home confinement placement according to the First Step Act of 2018, S. 756, 115th Cong. (2018). (Doc. 1 at 2-3.) He contends that under the First Step Act, he should be released to home confinement starting August 29, 2019. (Doc. 1 at 6-9.) For reasons discussed below, the Court recommends that the petition be SUMMARILY DISMISSED.

## DISCUSSION

**A.　Preliminary Review of Petition**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

1

relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). Accordingly, the Court should exercise its authority under Rule 4 and dismiss the petition.

**B.     Jurisdiction**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677.

Petitioner alleges that the BOP has failed to refer Petitioner to the Residential Re-Entry Management or home confinement placement according to the First Step Act. (Doc. 1 at 7-9.) He contends he is eligible and should be placed in home confinement for the remainder of his sentence. (Doc. 1 at 7-9.) Petitioner is challenging the execution of his sentence rather than its imposition; therefore, the claims are proper under 28 U.S.C. § 2241. In addition, because Petitioner is incarcerated at the Taft Correctional Institution in Taft, California, and Taft lies within the Eastern District of California, Fresno Division, this Court has jurisdiction to proceed.

**C.     Exhaustion**

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts,

804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. Exhaustion is not required if pursuing those remedies would be futile. Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir. 1991).

The first step in seeking administrative remedies is a request for informal resolution. 28 C.F.R. § 542.13. When informal resolution procedures fail to achieve sufficient results, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel. 28 C.F.R. § 542.10 et seq.

According to the Petitioner, it appears Petitioner's first administrative appeal was denied on March 4, 2019. (Doc. 1 at 3.) Petitioner also indicates that his Request for Administrative Remedy ("BP-9") was denied on March 7, 2019, and his Regional Administrative Remedy Appeal ("BP-10") was denied on July 25, 2019. (Doc. 1 at 3-4.) Petitioner notes that his Central Office Administrative Remedy Appeal ("BP-11") is "pending/delivered 7/31/2019" and provides a tracking number. (Doc. 1 at 4.) Petitioner also states that "he has exhausted all administrative remedies under [the] BOP system, (BP8, BP9, BP10 and BP11)[, a]though there has not been any answer to Petitioner's BP11." (Doc. 1 at 6.) However, the memorandum from Warden Steven Merlak to Petitioner explains that "This matter has been appropriately addressed on the responses provided to Administrative Remedies 2019449-F1, 2019463-F1, 2019471-F1, 2019476-F1 and 984320-R1, dated March 7, 2019, May 10, 2019, May 23, 2019, June 3, 2019 and July 25, 2019, respectively; therefore, it will not be addressed further." (Doc. 1 at 11.) The memorandum also states that "For the last time, the First Step Act does not mandate that

the BOP place you in a Residential Re-Entry Center (RRC) or on Home Confinement for six months or any other period." (Doc. 1 at 11.)

Petitioner argues that the futility exception to the exhaustion requirement applies. (Doc. 1 at 4, 6.) Assuming without deciding that the petitioner has exhausted the grievance procedures, the Court recommends that the Court deny his claims.

**D.     Placement in Home Confinement**

Petitioner claims that the First Step Act would mandate that the BOP place him in home confinement for the maximum amount of time available. (Doc. 1 at 7-9.) However, the First Step Act does not mandate that the BOP place prisoners in home confinement for six months or any other period. Under the current version of 18 U.S.C. § 3624(c), as amended by the Second Chance Act of 2007, the BOP is authorized to *consider* placing an inmate in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. However, a prisoner is neither entitled to nor guaranteed such a placement for any minimum amount of time. 18 U.S.C. § 3624(c). Instead, the determination whether an inmate is eligible is within the discretion of the BOP. Reeb v. Thomas, 636 F.3d 1224 (9th Cir. 2011) (Individualized determinations whether an inmate is eligible for residential drug treatment program pursuant to 18 U.S.C. § 3621 is within discretion of BOP); Mohsen v. Graber, 583 Fed.Appx. 841, 842 (9th Cir. 2014) (Applying Reeb in the context of individualized determination concerning eligibility for residential reentry center under § 3621). The First Step Act does not alter this rule.

The Court also notes that the BOP's placement decisions, including determinations regarding halfway house and home confinement placement, are expressly insulated from judicial review. See Reeb, 636 F.3d at 1227 (holding that 18 U.S.C. § 3625 precludes judicial review of "any determination" by the BOP made pursuant to 18 U.S.C. §§ 3621-3625). Thus, any challenge to the BOP's discretionary decision with respect to whether petitioner is eligible for placement in home confinement pursuant to § 3624(c)(2) is not reviewable by this Court.

**ORDER**

The Clerk of Court is DIRECTED to:

1.     Assign a District Judge to thise case;

4

2. Serve the United States Federal Defender a copy of this findings and recommendation.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the petition for writ of habeas corpus be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 21 days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 27, 2019**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE