UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL S IOANE,<br><br>Petitioner,<br><br>v.<br><br>STEVEN MERLAK,<br><br>Respondent. | No. 1:19-cv-01251-LJO-JLT (HC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. No. 4)**<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE**<br><br>**NO CERTIFICATE OF APPEALABILITY IS REQUIRED** |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On September 30, 2019, the Magistrate Judge assigned to the case issued Findings and Recommendation to dismiss the petition. (Doc. No. 4.) This Findings and Recommendation was served upon all parties and contained notice that any objections were to be filed within twenty-one days from the date of service of that order. On October 15, 2019, Petitioner filed objections to the Magistrate Judge's Findings and Recommendation. (Doc. No. 5.)

In the objections, Petitioner continues to contend that the actions of the Bureau of Prisons were arbitrary, capricious, retaliatory and deliberately indifferent when refusing to

1

consider or refer Petitioner to the Residential Re-Entry Management or home confinement placement according to the First Step Act of 2018, S. 756, 115th Cong. (2018). (Doc. No. 5 at 2-4.) Petitioner continues to claim that the First Step Act would mandate that the BOP place him in home confinement for the maximum amount of time available. (Doc. No. 5 at 2, 4-6.) However, as addressed in the Findings and Recommendation, the First Step Act does not mandate that the BOP place prisoners in home confinement for six months or any other period. (Doc. No. 4 at 4.) Additionally, in response to Petitioner's argument regarding judicial review (Doc. No. 5 at 6-7), the Court noted that the BOP's placement decisions, including determinations regarding halfway house and home confinement placement, are expressly insulated from judicial review. See Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011) (holding that 18 U.S.C. § 3625 precludes judicial review of "any determination" by the BOP made pursuant to 18 U.S.C. §§ 3621-3625); (Doc. No. 4 at 4.)

In the objections, Petitioner also belatedly raises for the first time a breach of contract claim, alleging that he is a third party beneficiary to the contract between the BOP and the Management Training Corporation. (Doc. No. 5 at 7-8.) Petitioner had the ability and opportunity to raise his specific allegations as to his breach of contract claim in the petition, but he failed to do so. The Court therefore need not address this argument. See United States v. Howell, 231 F.3d 615, 621-623 (9th Cir. 2000) (factual allegations and claims that are raised for the first time in objections to the magistrate judge's report and recommendation need not be addressed).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

The plain language of 28 U.S.C. § 2253(c)(1) does not require a certificate of appealability because this is an appeal from an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a State court. Forde v. U.S. Parole Commission,

114 F.3d 878 (9th Cir. 1997); see Ojo v. INS, 106 F.3d 680, 681-682 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

Accordingly, the Court orders as follows:

1. The Findings and Recommendations, filed September 30, 2019 (Doc. No. 4), is ADOPTED IN FULL;

2. The petition for writ of habeas corpus is DISMISSED;

3. The Clerk of Court is DIRECTED to ENTER JUDGMENT and close the file; and,

4. No certificate of appealability is required.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated: **November 2, 2019**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE